IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| NATHANIEL W. ELLIBEE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SST/COII D. R. HIGGINS,  )<br>SST/COII N. REYNOLDS,  )<br>  )<br>  Defendants.  )<br>_____) | CIVIL ACTION<br><br>No. 04-3402-CM |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants' Motion to Dismiss (Doc. 24).

**I.     Background**

Plaintiff is a prisoner in the custody of the Kansas Department of Corrections ("KDOC"), incarcerated at the El Dorado Correctional Facility. Plaintiff brings this 42 U.S.C. § 1983 action, claiming that both defendants violated his First Amendment right to freedom of speech and his Fourteenth Amendment due process protections. Plaintiff attached to his complaint the grievance forms he filed as a result of allegedly retaliatory and threatening behavior by both defendants. Plaintiff has requested compensatory, punitive, and nominal damages and injunctive relief.

Defendants argue that the claims against defendants are no more than bald assertions that do not rise to the level of constitutional violations, did not result in any damage to plaintiff, and did not violate plaintiff's First Amendment rights. Defendants have requested that the court dismiss plaintiff's case in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**II.     Standard**

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

The court is aware that plaintiff in this case appears pro se.  Accordingly, while the court should liberally construe a pro se plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

**III.    Analysis**

Having thoroughly reviewed plaintiff's complaint and the materials he attached thereto, the court finds that the majority of plaintiff's complaint, at this stage in the proceedings, is sufficient to withstand defendants' Motion to Dismiss.

First, plaintiff claims that defendants acted with "reckless disregard and/or deliberate indifference and/or malicious intent" to violate plaintiff's "1st Amendment Freedom of Speech and to Redress Grievances Against the Government," by engaging in an allegedly ongoing pattern of retaliatory harassment which began on August 25, 2004, after plaintiff filed grievances against defendant Higgins and another correctional officer (Count I), and by filing a September 9, 2004 disciplinary report, which was dismissed upon plaintiff contesting it (Count V).  Plaintiff contends that defendants' actions were taken in order to "chill" his future exercise of his First Amendment rights to file grievances against correctional officers.

Specifically, plaintiff alleges that he was cornered in the captain's office by defendant Higgins and an officer Travnicek on August 20, 2004 and assaulted and mistreated.  As a result of the alleged incident, plaintiff filed formal grievances against defendant Higgins and officer Travnicek on August 23, 2004.  Plaintiff claims that, beginning on August 25, 2004, various correctional officers harassed him and attempted to intimidate him in retaliation for filing the grievances against defendant Higgins and officer Travnicek.  Plaintiff further alleges that the September 9, 2004 disciplinary report that defendant Reynolds filed against him occurred less than twenty-four hours after defendant Higgins allegedly told plaintiff that he was going to "write him up" because plaintiff had filed a grievance against him.

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. . . . [However,] [a]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, __ F.3d __, 2006 WL 205367, at *7 (10th Cir. Jan. 27, 2006) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).  The court notes that most of the instances which plaintiff contends were retaliatory did not directly involve either defendant Higgins or defendant Reynolds.  However, if, in fact, the incidents in

which defendants were directly involved were in retaliation for plaintiff exercising his right to file grievances, and defendants involved other correctional officers in the alleged retaliation, there is an arguable basis for plaintiff's retaliation claims.  The court, at this stage of the litigation, accepts as true all well-pleaded facts and views all reasonable inferences from those facts in plaintiff's favor.  Accordingly, based on the facts set forth in plaintiff's complaint, the court finds that plaintiff's First Amendment retaliation claims are not subject to dismissal at this time.

However, to the extent plaintiff is claiming that defendants interfered with his First Amendment right to pursue grievances and participate in litigation, plaintiff "must demonstrate an actual injury to his ability to pursue a non-frivolous legal claim."  *Esnault v. Burnett*, 83 Fed. Appx. 279, 282 (10th Cir. 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999)).  Further, plaintiff must show that the injury is one that "'would chill a person of ordinary firmness from continuing to engage in that activity.'"  *Poole v. County of Otero*, 271 F.3d 955, 960 (10th Cir. 2001) (quoting *Worrell v. Henry*, 219 F.3d 1197, 1213 (10th Cir. 2000)).  There is no evidence either in plaintiff's complaint, or in the record of the grievances he filed with the KDOC, that he was hindered either in his ability to file grievances at the correctional facility, or that defendants prevented him from pursuing any type of grievance or legal claim.  In fact, the records that plaintiff provided to the court demonstrate that plaintiff was able to have the September 9, 2004 disciplinary report dismissed, and that he pursued his grievances on the issue of retaliatory behavior through the KDOC grievance process, culminating in his filing of this lawsuit.  Accordingly, plaintiff's complaint fails to state a claim for relief on this basis.

Second, plaintiff contends that defendants acted with "reckless disregard and/or deliberate indifference and/or malicious intent to violate [plaintiff's] Fourteenth Amendment Due Process Clause

protections" by: (1) causing plaintiff to believe, in an encounter on August 20, 2004, that defendant Higgins was going to inflict bodily harm on plaintiff (Count II); (2) intentionally abusing or ill-treating plaintiff during the same encounter on August 20, 2004 (Count III); (3) intimidating plaintiff and attempting to dissuade plaintiff from participating in or bringing a civil lawsuit (Counts IV and VII); and (4) using the September 9, 2004 disciplinary report to retaliate against plaintiff (Count VI). The court notes that plaintiff's allegations with regard to Counts IV, VI and VII appear to repeat his retaliation claims, which the court has addressed above. At this point, plaintiff's retaliation claims are sufficient to withstand dismissal.

With regard to plaintiff's Fourteenth Amendment claims set forth in Counts II and III, the court finds that "[d]ue process is only constitutionally guaranteed when a person is deprived of life, liberty or property." *Gandy v. Ortiz*, 122 Fed. Appx. 421, 423 (10th Cir. 2005) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994)). Plaintiff's allegations with regard to the August 20, 2004 incident do not specifically state how defendant Higgins allegedly abused or ill-treated plaintiff. Moreover, plaintiff's own allegations admit that defendant Higgins allegedly made him believe that he was going to inflict bodily harm on plaintiff, but that he did not. While plaintiff may have felt intimidated and threatened on August 20, 2004, the court can discern no deprivation of "life, liberty or property" that occurred. Moreover, as the court noted above, plaintiff filed grievances as a result of the August 20, 2004 incident, which have proceeded through the administrative process with the KDOC. Further, there is no evidence that defendants hindered plaintiff in bringing his claims before this court. Accordingly, the court grants defendants' Motion to Dismiss as to Counts II and III of plaintiff's complaint.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 24) is denied in part and granted in part. Specifically, Counts II and III of plaintiff's complaint are dismissed for failure to state a

claim. Plaintiff's retaliation claims encompassed within Counts I, IV, V, VI and VII of his complaint are sufficient to withstand dismissal at this point.

**SO ORDERED.**

Dated this 13TH day of February 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**