IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

NATHANIEL ELLIBEE,

      Plaintiff,

      v.                                Case No. 04-3402-CM-DJW

DARRELL R. HIGGINS, *et al.*

      Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court are the following two Motions filed by Defendant Reynolds: (1) Motion for In Camera Inspection of Documents [doc. 58]; and (2) Motion for Protective Order [doc. 60]. More specifically, Defendant Reynolds seeks to protect from disclosure various documents submitted to the Court for *in camera* review on grounds that the documents are not relevant or likely to lead to the discovery of admissible evidence. Defendant Reynolds alternatively argues that even if the documents were relevant, any such relevance is outweighed by security interests of the prison. For the reasons stated below, Defendant Reynolds' Motions will be granted.

**Issue Presented**

As part of his written discovery requests in this lawsuit, Plaintiff seeks a variety of prison documents. Defendant Reynolds asserts a number of the documents requested are not relevant and are unlikely to lead to the discovery of admissible evidence. To that end, Defendant Reynolds asks the Court to review the documents in camera and issue an order of protection regarding disclosure.

**Applicable Law**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[1] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[2] Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[3]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[4] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[5]

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90) (D. Kan. 2001)).

[3] *Id.*

[4] *Id.* (citations omitted).

[5] *Id.* (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

**Discussion**

1.  **The Allegations in Plaintiff's Complaint**

In his Complaint, Plaintiff alleges violations of both the First and Fourteenth Amendments to the United States Constitution. In his Fourteenth Amendment claim, Plaintiff alleges that on August 20, 2004, Defendant Higgins placed him in fear of bodily harm. In his First Amendment claim, Plaintiff alleges he was disciplined by Defendant Reynolds on August 23, 2004 in retaliation for filing a written grievance against Defendant Higgins related to the August 20, 2004 incident.

2.  **The Documents at Issue**

Although the documents at issue in these Motions were submitted *in camera*, the Court finds their confidentiality will not be compromised by generally describing them for purposes of determining relevancy:

- Defendant Reynolds' written test regarding use of pepper spray;

- Internal Management Policy and Procedure (IMPP) regarding Standards of Supervision for Custody Levels;

- Blank Template: Daily Segregation Report;

- IMPP regarding Security and Control: Special Operations & Response Team (SORT) Organization and Member Qualifications;

- IMPP regarding Security and Control: Audio/Video Surveillance;

- Kansas Department of Corrections (KDOC) General Order regarding Criteria for Selection of Facility SORT Members;

- KDOC General Order: Responsibilities of the Intelligence & Investigation Unit;

- KDOC General Order: Inmate and Facility Searches;

- KDOC Post Order: Secure Escort and Transportation of Inmates; and

- KDOC Post Order: Uniformity of Security Posts.

**3.     The Request for Protection**

Defendant Reynolds objects to producing these documents on grounds that they are neither relevant nor likely to lead to the discovery of admissible evidence in this lawsuit. The Court agrees.

On their face, these documents do not appear to contain relevant information and do not appear to contain information reasonably calculated to lead to the discovery of admissible evidence. Although the burden of proof as to relevancy shifts to Plaintiff when relevancy is not apparent on the face of the documents, Plaintiff has failed to provide any information or argument to establish how the documents sought in his discovery requests are relevant or reasonably calculated to lead to the discovery of admissible evidence.

For these reasons, both Defendant's Motion for In Camera Inspection of Documents [doc. 58] and Motion for Protective Order [doc. 60] are granted and Defendant shall not be required to produce the documents at issue to Plaintiff.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 21st day of July, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties